UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.  **5:26-cv-02688-MCS** | Date  July 9, 2026 |
| Title  ***In re James Dimitri Tsirtsis*** | |

Present: The Honorable    Mark C. Scarsi, United States District Judge

| | |
|---|---|
| Stephen Montes Kerr | Not Reported |
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    (IN CHAMBERS) ORDER RE: MOTION FOR LIMITED REMAND (ECF NO. 14)**

Debtor-Appellant James Dimitri Tsirtsis, a self-represented litigant, appeals an order of the United States Bankruptcy Court for the Central District of California denying his motion for sanctions for violation of a discharge injunction. (Notice of Appeal, ECF No. 1.)[1] Debtor-Appellant moves for an order partially remanding the matter to the Bankruptcy Court "for the limited and specific purpose of permitting factual development," while otherwise retaining jurisdiction over the appeal. (Mot. 2, ECF No. 14.) The Court deems the motion appropriate for decision without oral argument and vacates the hearing set for August 17, 2026. Fed. R. Bankr. P. 8013(c).

The Bankruptcy Court has not provided an indicative ruling for which remand might be warranted. Federal Rule of Bankruptcy Procedure 8008(c) provides that a district court may remand for further proceedings while retaining jurisdiction over the appeal "[i]f the bankruptcy court states that it would grant [a] motion [for relief filed when an appeal is pending] or that the motion raises a substantial issue." In the Bankruptcy Court, Debtor-Appellant filed a motion for an order authorizing him to obtain a document production and conduct an examination. Mot., *In re Tsirtsis*, No.

---

[1] Pinpoint citations refer to the CM/ECF generated pagination.

6:19-bk-19674-RB (Bankr. C.D. Cal. June 25, 2026), ECF No. 187.[2] The Bankruptcy Court denied the motion for failure to confer with the entity to be examined and for lack of jurisdiction to provide relief, Order Den. Debtor's Mot. 2, *In re Tsirtsis*, No. 6:19-bk-19674-RB (Bankr. C.D. Cal. July 3, 2026), ECF No. 191, contrary to Debtor-Appellant's representations that the Bankruptcy Court "indicated a willingness to consider" his motion and "found itself unable to grant solely because of the pendency of this appeal," (Mot. 4–5). The Bankruptcy Court had discretion to provide an indicative ruling on the motion or state that the motion raises a substantial issue; instead, the Bankruptcy Court simply chose to deny it. Fed. R. Bankr. P. 8008(a).

To the extent Debtor-Appellant contends the Court may partially remand the case under some font of authority other than Rule 8008(c), the Court declines to do so because remand would not materially advance the appeal. As Debtor-Appellant notes, the documentation he seeks to procure through further factual development in the Bankruptcy Court was never presented to that court before it issued the order on review. (Mot. 2–3.) Appellate review is generally limited to the record before the lower court. *E.g.*, *Oyama v. Sheehan (In re Sheehan)*, 253 F.3d 507, 512 n.5 (9th Cir. 2001) ("Evidence that was not before the lower court will not generally be considered on appeal."); *Kirshner v. Uniden Corp. of Am.*, 842 F.2d 1074, 1077 (9th Cir. 1988) ("Papers submitted to the district court *after* the ruling that is challenged on appeal should be stricken from the record on appeal."). Thus, further development would not aid proceedings here.

The motion is denied.

**IT IS SO ORDERED.**

---

[2] The Court takes judicial notice of the Bankruptcy Court filings that precipitated the instant motion. Fed. R. Evid. 201(b); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006).