**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE JAMES DIMITRI TSIRTSIS,<br><br>Debtor. | Case No. 5:26-cv-02688-MCS<br><br>Bankr. Case No. 6:19-bk-19674-RB<br><br>**ORDER AFFIRMING BANKRUPTCY COURT ORDER** |
| JAMES DIMITRI TSIRTSIS,<br><br>Appellant,<br><br>v.<br><br>PNC BANK, N.A.,<br><br>Appellee. | |

Debtor-Appellant James Dimitri Tsirtsis, a self-represented litigant, appeals an order of the United States Bankruptcy Court for the Central District of California denying his motion for sanctions against Appellee PNC Bank, N.A., for willful violation of a discharge injunction. (Notice of Appeal, ECF No. 1.) This Court has jurisdiction to review the order under 28 U.S.C. § 158(a). The appeal is fully briefed. (Appellant's Opening Br., ECF No. 17; Appellee's Br., ECF No. 20; Appellant's Reply Br., ECF No. 22.) The Court deems the matter appropriate for decision without a hearing. *See* Fed. R. Bankr. P. 8019(b)(3); C.D. Cal. R. 7-15.

## I. BACKGROUND

In September 2017, Mr. Tsirtsis guaranteed a loan that T&G Restaurants Inc., of which he was an officer, obtained from Compass Bank in the principal amount of $50,055.00. (Appellee's App. 86–88, 103, ECF No. 21.)[1] The loan became delinquent in September 2019. (*See id.* at 85.)

Mr. Tsirtsis filed a Chapter 7 bankruptcy petition in October 2019. (*Id.* at 1–7.) As relevant to the appeal, Mr. Tsirtsis listed in his schedules a certificate of deposit securing the loan and a secured claim collateralized by the certificate of deposit. (*Id.* at 21, 26.) Mr. Tsirtsis obtained an order of discharge in February 2020. (*Id.* at 79–81.) In April 2020, BBVA, USA, formerly known as Compass Bank, filed with the bankruptcy court a proof of claim for the loan to T&G Restaurants Inc. (*Id.* at 82–88.) In April 2023, the bankruptcy court issued an order allowing the claim by BBVA, USA, now known as PNC Bank, as fully secured and not entitled to distribution or a dividend from the estate. (*Id.* at 105–06.)

---

[1] Mr. Tsirtsis failed to serve and file an appendix containing excerpts from the record as required by Federal Rule of Bankruptcy Procedure 8018(b)(1), so the Court cites PNC Bank's appendix by the page numbers it assigned to the appendix.

In February 2026, on Mr. Tsirtsis's motion, (*id.* at 112–13), the bankruptcy court reopened the bankruptcy case so he could pursue enforcement of the discharge injunction, (*id.* at 137–38). Mr. Tsirtsis filed a motion for sanctions against PNC Bank, arguing that PNC Bank was renewing the certificate of deposit securing the loan to T&G Restaurants Inc. and retaining the certificate of deposit funds in violation of the discharge injunction. (*Id.* at 139–41.) In May 2026, the bankruptcy court denied the motion without stating its reasoning. (*Id.* at 212–13.) This appeal followed.

## II. LEGAL STANDARD

"[T]he district court functions as an appellate court in reviewing a bankruptcy decision and applies the same standards of review as a federal court of appeals." *Beal Bank v. Crystal Props., Ltd. (In re Crystal Props., Ltd.)*, 268 F.3d 743, 755 (9th Cir. 2001) (internal quotation marks omitted). An award or denial of sanctions is reviewed for abuse of discretion. *Nash v. Clark Cnty. Dist. Att'y's Off. (In re Nash)*, 464 B.R. 874, 878 (B.A.P. 9th Cir. 2012). Under that standard, the reviewing court determines whether the court below identified the correct legal rule and whether that court applied the standard illogically, implausibly, or without support in inferences from the factual record. *Amazon.com Servs., LLC v. Perplexity AI, Inc.*, 184 F.4th 1083, 1088 (9th Cir. 2026). The reviewing court "may affirm on any ground supported by the record." *A&D Prop. Consultants, LLC v. A&S Lending, LLC (In re Groves)*, 652 B.R. 104, 114 (B.A.P. 9th Cir. 2023).

## III. DISCUSSION

Mr. Tsirtsis presents two issues, but only one is properly within the scope of this appeal. Mr. Tsirtsis frames his first issue as "[w]hether the Bankruptcy Court erred in treating PNC Bank's claim as fully secured." (Appellant's Br. 4.) But the order in which the bankruptcy court allowed PNC Bank's claim as fully secured predates this appeal by over three years. (Appellee's App. 105–06); *see* Fed. R. Bankr. P. 8002(a)(1)

(requiring a notice of appeal to be filed within 14 days after entry of the order to be appealed). The Court lacks jurisdiction to review it. *Wiersma v. Bank of W. (In re Wiersma)*, 483 F.3d 933, 938 (9th Cir. 2007) ("The failure to timely file a notice of appeal is a jurisdictional defect barring appellate review." (cleaned up)).

In the second issue, Mr. Tsirtsis contends that the bankruptcy court abused its discretion in denying his motion for sanctions because its order lacked detailed reasoning and, in any event, necessarily misapplied the legal standard stated in *Taggart v. Lorenzen*, 587 U.S. 554 (2019). (Appellant's Br. 14–18.) The bankruptcy court did not need to articulate its reasons for denying the motion. Fed. R. Civ. P. 52(a)(3) ("The court is not required to state findings or conclusions when ruling on a motion under Rule 12 or 56 or, unless these rules provide otherwise, on any other motion."); *see Interstate Fire & Cas. Co. v. Roman Cath. Bishop of Sacramento*, Nos. 2:25-cv-02262 WBS, 2:25-cv-02288 WBS, 2026 U.S. Dist. LEXIS 37927, at *11 n.2 (E.D. Cal. Feb. 23, 2026) ("Although Rule 52 applies in contested matters through Bankruptcy Rules 7052 and 9014, Rule 52(a)(3) expressly provides that findings and conclusions are not required when ruling on a motion.").

Mr. Tsirtsis offers no argument that the bankruptcy court applied an incorrect legal rule. Both sides identified applicable precedents in their written briefing, and there are no indicia that the bankruptcy court declined to follow them. (*E.g.*, Appellee's App. 140 (citing *Taggart*); *id.* at 187 (citing, inter alia, *ZiLOG, Inc. v. Corning (In re ZiLOG, Inc.)*, 450 F.3d 996 (9th Cir. 2006)).)

Mr. Tsirtsis fails to demonstrate that the bankruptcy court's disposition is illogical, implausible, or unsupported by the record. A discharge "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived." 11 U.S.C. § 524(a)(2). To show sanctions are warranted for violation of a discharge injunction, a "movant must prove that the creditor (1) knew the discharge injunction was applicable and

(2) intended the actions which violated the injunction." *In re ZiLOG, Inc.*, 450 F.3d at 1007 (internal quotation marks omitted). "[A] court may hold a creditor in civil contempt for violating a discharge order if there is *no fair ground of doubt* as to whether the order barred the creditor's conduct." *Taggart*, 587 U.S. at 557. Even assuming that renewing the certificate of deposit and retaining its funds constitute acts to collect, recover, or offset a debt, the record supports at least a fair ground of doubt that the certificate of deposit at issue is subject to the injunction. Mr. Tsirtsis acknowledged in his schedules that the certificate of deposit was collateral for a loan, and the bankruptcy court allowed PNC Bank's claim as fully secured. (Appellee's App. 21, 26, 105–06.) "[A] bankruptcy discharge extinguishes only one mode of enforcing a claim—namely, an action against the debtor *in personam*—while leaving intact another—namely, an action against the debtor *in rem*." *Johnson v. Home State Bank*, 501 U.S. 78, 84 (1991). Here and in the court below, PNC Bank offered a persuasive argument that the certificate of deposit funds are not subject to the discharge injunction because the injunction did not extinguish its rights in the collateral for the loan to T&G Restaurants Inc., even if the injunction eliminated Mr. Tsirtsis's personal liability as a loan guarantor. (*See* Appellee's Br. 13–15; Appellee's App. 189–90, 201–03); *cf. Johnson*, 501 U.S. at 84 ("Even after the debtor's personal obligations have been extinguished, the mortgage holder still retains a right to payment in the form of its right to the proceeds from the sale of the debtor's property." (internal quotation marks omitted)). The Court need not resolve whether PNC Bank's position is correct to conclude that the bankruptcy court did not abuse its discretion in determining that PNC Bank did not exhibit "an objectively unreasonable understanding of the discharge order" that would justify the "severe remedy" of a contempt sanction. *Taggart*, 587 U.S. at 561–62 (internal quotation marks omitted).

///

## IV. CONCLUSION

The Court affirms the order of the bankruptcy court. The Court directs the Clerk to close the case in this Court.

**IT IS SO ORDERED.**

Dated: September 28, 2026

cc: Bankruptcy Court

MARK C. SCARSI
UNITED STATES DISTRICT JUDGE